1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                      EASTERN DISTRICT OF CALIFORNIA
10
11
SCOTT JOHNSON,
12
              Plaintiff(s),              NO. CIV. S-05-2555 FCD/GGH
13
        v.                               **STATUS (PRETRIAL**
14                                       **SCHEDULING)ORDER**
15  CHRISMAN FAMILY TRUST,
16              Defendant(s).
_____/
17
        After reviewing the parties' Joint Status Report, the court makes the following orders:
18
19      **I.      SERVICE OF PROCESS**
20      All named defendants have been served and no further service is permitted without leave
of court, good cause having been shown.
21
22      **II.     ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS**
23      No further joinder of parties or amendments to pleadings is permitted without leave of
court, good cause having been shown.  See Fed. R. Civ. P. 16(b); Johnson v. Mammoth
24  Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).
25      **III.    JURISDICTION/VENUE**
26      Jurisdiction is predicated upon 28 U.S.C. section 1331 and Venue on 28 U.S.C. section
27  1391(b).  Jurisdiction and venue are not contested.
28

## IV.    DISCOVERY

All discovery shall be **completed by April 2, 2007**.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.

## V.    EXPERT WITNESSES and EXPERT DISCOVERY

All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than **April 16, 2007.**  The designation shall be accompanied by a written report prepared and signed by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).  By **May 7, 2007,** any party who previously disclosed expert witnesses may submit a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party supplementing an expert witness designation has not previously retained an expert to testify on that subject.  The supplemental designation shall be accompanied by a written report which shall also comply with the conditions as stated above.

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703, and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the

2

case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).  Each party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of **designation** to render an informed opinion, and give their basis for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.  All expert discovery shall be completed by **June 4, 2007.**

## VI.   MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be heard <u>no later than</u> **August 10, 2007.**  The parties may obtain available hearing dates by calling Maureen Price, Deputy Courtroom Clerk at (916) 930-4163.

All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 78-230 governs the calendaring and procedures of civil motions with the following additions:

      (A)   The opposition and reply must be filed **by 4:00 p.m.** on the day due; and

      (B)   When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day **immediately preceding** the legal holiday.

Failure to comply with Local Rule 78-230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).  Further, failure to timely oppose a summary judgment motion[1] may result in the granting of that motion if the movant shifts the burden to the nonmovant to

---

[1] The court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for  summary judgment to review Local Rule 56-260.

1   demonstrate that a genuine issue of material fact remains for trial.  <u>Marshall v. Gates</u>, 44 F.3d

2   722 (9th Cir. 1995).

3          The court places a page limit of twenty (20) pages on all initial moving papers, twenty

4   (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases

5   must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of

6   the motion.

7          For the court's convenience, citations to Supreme Court cases should include parallel

8   citations to the Supreme Court Reporter.

9          The parties are reminded that a motion <u>in limine</u> is a pretrial procedural device designed

10  to address the admissibility of evidence.  The court will look with disfavor upon dispositional

11  motions (except those noted on page 3) presented at the Final Pretrial Conference or at trial in the

12  guise of motions <u>in limine</u>.

13         **<u>The parties are cautioned that failure to raise a dispositive legal issue that could</u>**

14  **<u>have been tendered to the court by proper pretrial motion prior to the dispositive motion</u>**

15  **<u>cut-off date may constitute waiver of such issue.</u>**

16         **VII.    FINAL PRETRIAL CONFERENCE**

17         The Final Pretrial Conference is set for **October 19, 2007** at **1:30 p.m.**  At least one of

18  the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial

19  Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to

20  attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the

21  case and equal authorization to make commitments on behalf of the client.

22         Counsel for all parties, are to be fully prepared for trial at the time of the Final Pretrial

23  Conference, with no matters remaining to be accomplished except production of witnesses for

24  oral testimony.  The parties shall file, not later than seven (7) calendar days prior to the Final

25  Pretrial Conference, a **joint** pretrial statement.  The provisions of Local rules 16-281 shall apply

26  with respect to the matters to be included in the joint pretrial statement.  In addition to those

27  subjects listed in Local Rule 16-281(b), the parties are to provide the court with a plain, concise

28  statement that identifies every non-discovery motion tendered to the court and its resolution.

                                          4

Failure to comply with Local Rule 16-281, as modified by this order, may be grounds for sanctions.

**Concurrently with the filing of the Final Pretrial Conference Statement, counsel shall submit to chambers a word processing version of the statement, its entirety, (including the witness and exhibit lists) to: fcdorders@caed.uscourts.gov.**

The parties shall, in a concise manner, jointly identify **only** undisputed **core** facts separately that are relevant to each claim.  Disputed **core** facts should then be identified in the same manner.  The parties are reminded **not** to identify every fact in dispute but only those disputed facts that are **essential** to the formulation of each claim.  Each disputed fact or undisputed fact should be separately numbered or lettered.  **Where the parties are unable to agree what are the core disputed facts, they should nevertheless list core disputed facts in the above manner.**

Each party shall identify and concisely list each disputed evidentiary issue which will be the subject of a party's motion in limine.

The parties shall identify the points of law which concisely describe the legal issues of the trial which will be discussed in the parties' respective trial briefs.  Points of law should reflect issues derived from the core undisputed and disputed facts.  **Parties shall not include argument or authorities with any point of law**

The parties shall prepare a **joint** statement of the case in **plain concise** language which will be read to the jury at the beginning of the trial.  The purpose of the joint statement is to inform the jury what the case is about.

The parties are reminded that pursuant to Local Rule 16-281 they are required to list in the Final Pretrial Conference Statement an exhibit listing witnesses and exhibits they propose to offer at trial.  After the name of each witness, each party shall provide a **brief** statement of the nature of the testimony to be proffered.  The parties may file a joint list or each party may file separate lists.  These list(s) shall not be contained in the body of the Final Pretrial Conference Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order.

5

Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink or yellow for the plaintiff and blue for the defendant.  In the event that the alphabet is exhausted, the exhibits shall be marked "AA-ZZ" and "AAA-ZZZ" etc.  All multi-page exhibits shall be listed stapled or otherwise fastened together and each page within the exhibit shall be numbered.  The list of exhibits shall not include excerpts of depositions, which may be used to impeach witnesses.  **In the event that plaintiff(s) and defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation the exhibit is <u>first identified</u>.  The court cautions the parties to pay attention to this detail so that all concerned, including the jury, will not be confused by one exhibit being identified with both number and a letter.**

The Final Pretrial Order will contain a stringent standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a party does not intend to offer will be viewed as an abuse of the court's processes.

Counsel shall produce all trial exhibits to Maureen Price, the Courtroom Clerk, **no later than 3:00 p.m. on the Friday before the trial.**

Discovery documents to be listed in the pretrial statement shall not include documents which will be used only for impeachment and in rebuttal.

The parties also are reminded that pursuant to Rule 16 of the Federal rules of Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  **Counsel must cooperatively prepare the joint Final Pretrial Conference Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.**[2]  A failure to do so may result in the imposition of sanctions which may

---

[2]If the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law, the court may
<span style="font-family:monospace">(continued...)</span>

include monetary sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as the court deems appropriate.

## VIII.   TRIAL SETTING

The trial is set for **December 10, 2007** at **9:00 a.m.**   Trial will be **to a jury.**   The parties estimate a trial length of approximately **four (4)** days.

## IX.   SETTLEMENT CONFERENCE

No settlement conference is currently scheduled.  A settlement conference may be set at the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the event that an earlier settlement conference date is requested, the parties shall file said request jointly, in writing.  If the case will be tried to a jury, all parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven (7) calendar days before the Settlement Conference, counsel for each party shall submit to the chambers of the settlement judge a confidential Settlement Conference Statement.  Such statements are neither to be filed with the Clerk nor served on opposing counsel.  Each party, however, shall serve notice on all other parties that the statement has been submitted.  If the settlement judge is not the trial judge, the Settlement Conference Statement shall not be disclosed to the trial judge.

## X.   VOLUNTARY DISPUTE RESOLUTION PROGRAM

Pursuant to the agreement of the parties and Local Rule 16-271, this case is referred to the Voluntary Dispute Resolution Program.

## XI.   MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

---

[2](...continued)
summarily dispose of the case or claims.  Portsmouth Square v. Shareholders Protective Comm., 770 F.2d 866, 868-69 (9th Cir. 1985).

Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel, does not constitute good cause.

### XII.   OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within **ten (10)** *court* **days** of service of this Order.

IT IS SO ORDERED.

DATED:April 21, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL JR.
UNITED STATES DISTRICT JUDGE

8